In the Matter of the Estate of ELLEN CALVERT, Deceased.— Decree modified by making the costs payable out of the estate and as modified decree and order affirmed, with costs payable out of the estate. All concur. (The decree adjudges the ownership of a pass book in a discovery proceeding. The order denies a motion for a new trial on the ground of newly-discovered evidence.) Present— Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.

FRANK N. FREY, Appellant, Respondent, v. LINEON E. WILDER, as Executor, etc., of FRANCES M. WILLIAMS, Respondent, Appellant.— Judgment affirmed, without costs. All concur. (The judgment awards plaintiff damages in the sum of six cents, in an action for breach of warranty of title of realty.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Taylor, JJ.

MARVIN GAGE, Respondent, v. GEORGE COLLINS, Appellant.— Judgment affirmed. with costs. All concur. (The judgment is for plaintiff in an action for breach of warranty of a horse.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

ANTONIO ANNATTO, Respondent, v. HOWARD F. SPELLICY, Appellant, and Others, Defendants.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Per Curiam Opinion: The trial court charged the jury that, even though they found defendant free from negligence in connection with the first accident, still they could find him negligent in bringing about the second accident, which is the basis of this suit, and that such finding could be predicated upon his failure either to move his car or to direct its removal from the highway. Any finding that defendant was physically able to move his car, or mentally capable of directing its removal, after the injuries received by him in the first accident, would be against the overwhelming weight of the evidence. We find no fault with the charge that if the jury should find that the defendant's negligence was responsible for the first accident, then defendant could be held responsible for the results of the second accident, provided they found that the second accident was the proximate result of the original negligence. In view of the foregoing we find no reason to consider the question of the amount of the damages. All concur. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

In the Matter of the Application of FRANCIS PIATEK, Appellant, for an Order of Mandamus Directed to the TOWN OF CHEEKTOWAGA, Respondent.— Order affirmed, with costs. All concur. (The order denies an application for a peremptory order of mandamus in a proceeding to compel payment of salary of justice of the peace.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.

In the Matter of the Application of JOHN I. FABER, Appellant, for an Order of Mandamus Directed to the TOWN OF CHEEKTOWAGA, Respondent.— Order affirmed, with costs. All concur. (The order denies an application for a peremptory order of mandamus in a proceeding to compel payment of salary of justice of the peace.) Present — Sears, P. J., Edgcomb, Crosby, Lewis and Cunningham, JJ.